# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

HENRY LEQUEAR,

    Plaintiff,

-vs-                                            CASE NO.:

EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Henry Lequear (hereinafter "Plaintiff"), sues Defendant, Experian Information Solutions, Inc., and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1.    The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

2.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4. Venue is proper in this District as Plaintiff is a natural person and a resident of Grant, Florida; the violations described in this Complaint occurred in this District; and the Defendant transacts business within this district.

5. Plaintiff is a "consumer" as defined by the FCRA.

6. Experian Information Solutions, Inc. ("Experian") is a corporation with its principal place of business in Costa Mesa, CA that conducts business in the State of Florida.

7. Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8. Experian disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

9. Experian is one of the "big three" credit reporting agencies in the United States today.

10. On or about January 26, 2022, Plaintiff applied for credit for an auto loan.

11. Plaintiff was denied credit, as the lender said his credit report indicated that he was "deceased" and therefore the lender could not extend him credit.

12. Plaintiff is not deceased.

13. Plaintiff obtained a copy of his Experian credit report on or about January 28, 2022 in order to determine why the potential lender thought Plaintiff was deceased.

14. On Plaintiff's January 28, 2022 credit report an American Express tradeline stated "Payment Status: Consumer reported as deceased."

15. This indication that Plaintiff was deceased made no sense, as his other accounts were being reported in ways such as "Payment Status: Current."

16. Because of the actions and/or inactions of Experian, Plaintiff was denied credit.

17. Because of the actions and/or inactions of Experian, Plaintiff suffered from a loss of his personal time.

18. Because of the actions and/or inactions of Experian, Plaintiff suffered from unnecessary and unwanted stress, embarrassment, frustration, worry, humiliation, and anger.

## COUNT I
## Violations of the Fair Credit Reporting Act as to Experian

19. Plaintiff re-alleges and incorporates paragraphs 1 through 18 above as if fully set forth herein.

20. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

21. It is difficult to understand how Experian's policies and procedures could possibly allow one tradeline to report as "consumer deceased" yet another report as "current" simultaneously on the same credit file. However, that blatant error occurred on Plaintiff's own credit report, which caused him to suffer from a denial of credit and other damages outlined herein.

22. As a result of this conduct, action and inaction of Experian, Plaintiff suffered a denial of credit, a loss of his personal time, emotional distress, and the damages otherwise outlined in this complaint.

23. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

24. In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

25.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully Submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
The Consumer Lawyers PLLC
3210 West Cypress St.
Tampa, Florida 33607
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
Jason@TheConsumerLawyers.com
*Counsel for Plaintiff*